IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILTON SYKES,

      Plaintiff,                      No. 2:12-cv-2570 KJM KJN P

   vs.

ATHANNASIOUS, et al.,

      Defendants.               ORDER

_____/

        Plaintiff is a state prisoner, incarcerated at the California Medical Facility, in Vacaville, proceeding in forma pauperis and without counsel in this action brought pursuant to 42 U.S.C. § 1983. By order filed November 5, 2012, this court granted plaintiff's application to proceed in forma pauperis, and found that plaintiff's complaint appears to state potentially cognizable Eighth Amendment claims against medical defendants Athannasious, Weiland, Bick and Khaira. (Dkt. No. 7.) The court ordered service of process on these defendants; plaintiff is in the process of submitting the documents necessary for the United States Marshal to serve process. Pending is plaintiff's motion requesting the appointment of counsel and a medical expert (Dkt. No. 12),[1] which the court addresses herein.

---

[1] It appears that plaintiff subsequently sought to file a duplicate copy of this motion. (See Dkt. No. 15.) However, the recently filed document is incomplete -- only the first page of

1

1          District courts do not have the authority to require counsel to represent indigent prisoners in Section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). However, in "exceptional circumstances," the court may request that an attorney voluntarily represent an indigent civil rights plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits, as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting the voluntary assistance of counsel.

          Plaintiff also requests appointment of an expert medical witness pursuant to Federal Rule of Evidence 706. However, "[r]easonably construed, Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." <u>Gamez v. Gonzalez</u>, 2010 WL 2228427, *1 (E.D. Cal. June 3, 2010) (internal quotations, punctuation and citations omitted). Rather, the principal purpose of a court-appointed expert, pursuant to Rule 706, is to assist the trier of fact, not to serve as an advocate for a party. Thus, pursuant to Rule 706, district courts may, sua sponte, appoint a neutral expert witness, whether or not either party agrees, and may assess the costs of the expert as the court deems appropriate. <u>Students of California School for the Blind v. Honig</u>, 736 F.2d 538, 549 (9th Cir. 1984) (citing Fed. R. Evid. 706), vacated on other grounds, 471 U.S. 148 (1985). The in forma pauperis statute, 28 U.S.C. § 1915, does not alter these basic principals. That statute "does not waive payment of fees or expenses for witnesses." <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993).

---

the motion is included, together with a proof of service. This motion must therefore be denied without prejudice.

Specifically, "[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995); accord, Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988) (district court has no authority under section 1915 to pay or waive expert witness fees in civil damage suits).

Nevertheless, where appointment of voluntary counsel is warranted, plaintiff's appointed counsel assumes the costs of litigation, including expert witness fees, on a pro bono basis, and/or may seek the court's approval for the advancement or reimbursement of such costs, which must be reimbursed to the court should plaintiff prevail or settle. See General Order No. 510, U.S. District Court, Eastern District of California.

Plaintiff asserts, in support of his requests, that the allegations of his complaint present complex legal and medical issues requiring the assistance of experienced legal counsel and the testimony of an expert medical witness. The complaint alleges that defendants were deliberately indifferent to plaintiff's serious medical needs concerning his diagnosed bladder cancer and removal of a fifteen-pound tumor from his bladder in 2005. The complaint alleges that, thereafter, plaintiff received treatments that were inappropriate and injurious, while appropriate treatment was unreasonably delayed or withheld. Plaintiff alleges that his resulting continuing injuries include (but are not limited to) constant urine leakage requiring that plaintiff wear diapers, blood in plaintiff's semen and related difficulties during marital visits with his wife, kidney problems, and extreme weight loss attributable to daily vomiting.

Plaintiff cites case law that supports the notion that a prisoner plaintiff challenging such matters is unlikely to survive a summary judgment motion without the testimony of a medical expert, and without legal counsel to solicit such testimony, guide discovery, and file a brief in opposition to such motion. Plaintiff asserts that, to have a fair shot at prevailing in this case, he requires not only the appointment of legal counsel, but "the services of a licensed medical expert, trained in the field of bladder cancer and nephrology." (Dkt. No. 12 at 3.)

Plaintiff further states that his complaint and the instant motion were prepared by another prisoner (name and ID provided), because plaintiff is "illerate (sic) learning how to read and write. . . ." (Dkt. No. 12 at 7.) Exhibits attached to the motion indicate that plaintiff has a documented learning disability, with a combined language and math test score equivalent to Grade Level 2.9, in the 14th percentile nationwide. These exhibits indicate that, without outside assistance, plaintiff is unable to articulate and advocate his claims in light of the complexity of the legal and medical issues involved in this case.

Therefore, having considered plaintiff's motion in light of the Palmer factors, the court finds that plaintiff has met his burden of demonstrating exceptional circumstances warranting the appointment of legal counsel pursuant to this court's General Order No. 230 (setting forth the criteria and procedure for appointment of counsel in Section 1983 cases). However, the court must deny plaintiff's request for the appointment of a medical expert, without prejudice, for the reasons set forth above. Plaintiff may discuss this matter with appointed counsel who shall, in turn, be responsible for locating, and covering the costs of, any medical expert retained on behalf of plaintiff in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion filed November 20, 2012 (Dkt. No. 12), is granted in part, and denied in part.

2. Plaintiff's request for the appointment of counsel (Docket No. 12), is granted. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept this appointment, for the purpose of pursuing this action on plaintiff's behalf through all pretrial and trial proceedings.

3. Plaintiff's request for appointment of a medical expert is denied without prejudice.

////

4. Plaintiff's motion filed December 4, 2012 is denied because incomplete and duplicative.

SO ORDERED.

DATED: December 11, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

syke2570.appt.cnsl.