UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON SYKES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ATHANNASIOUS, et al.,<br><br>　　　　　Defendants. | No.  2:12-cv-2570 TLN KJN P<br><br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding in forma pauperis and with appointed counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action proceeds against four defendants on plaintiff's claims of deliberate indifference to his serious medical needs.  Although service of process remains outstanding for defendant Bick (see ECF No. 55 (requiring plaintiff's appointed counsel to submit the appropriate service documents)), all defendants with the exception of defendant Khaira are (or will be) represented by the California Attorney General's Office; defendant Khaira is represented by private counsel.  Pursuant to the court's Discovery and Scheduling Order issued October 4, 2013, discovery closed in this action on February 28, 2014, and dispositive motions are due by May 30, 2014.  (ECF No. 50.)

　　　　On February 5, 2014, defendant Khaira filed a motion for summary judgment.  (ECF No. 54.)  Although the matter was noticed for hearing on March 13, 2014, the notice also stated that the motion would be submitted for decision on the papers, as are most motions in prisoner cases

1

1  (Local Rule 230(l)).  (See ECF No. 54 at 1-2.)  Nevertheless, Dr. Khaira's counsel appeared on

2  March 13, 2014, and were informed that the motion would be determined without oral argument.

3  However, it then became apparent to the court that plaintiff's appointed counsel, Mr. Isaac

4  Fischer, failed to file any response to defendant Khaira's motion.

5  Review of the court's March 8, 2013 order appointing Mr. Fischer demonstrates that his

6  failure to respond to the pending motion may reasonably have been premised on the nature of his

7  limited appointment.[1]  (ECF No. 28.)  No settlement conference has been convened in this action,

8  due to the delayed service of process on defendant Bick.

9  The court is now contacting Mr. Fischer to discuss the parameters of his appointment.

10  The court may also attempt to locate another attorney who is willing to accept appointment on

11  behalf of plaintiff.  Once these matters are resolved, the court will consider whether additional

12  time should be accorded plaintiff to file an opposition, if any, to the pending motion for summary

13  judgment.  The court will also consider the extent of discovery that has, to date, been conducted,

14  including the absence of a medical expert on plaintiff's behalf.  Upon an adequate showing by

15  plaintiff's counsel, the court may consider whether to reopen discovery for a very limited purpose

16  and/or to extend the deadline for filing dispositive motions.

17  ////

---

[1] Mr. Fischer was appointed for the following limited purposes (see ECF No. 28 at 2):

> a. Meet and confer with plaintiff regarding the allegations and claims set forth in his complaint;
>
> b. Provide the U.S. Marshal with any additional information necessary to perfect service of process on all defendants;
>
> c. Assess whether appointment of a medical expert is appropriate and, if so, select and obtain the consulting and reporting services of such expert, subject to the court's authorization of such expenses; and
>
> d. Participate in an early settlement conference, if all parties request such a conference, after all defendants have been served.

The court further ordered that, "[i]f this action proceeds after the conclusion of an early settlement conference, Mr. Fischer's appointment will be reevaluated, including consideration whether counsel wishes to continue representing plaintiff through discovery, motions, a further settlement conference, and/or trial."  (Id.)

1    The court is aware that these matters frustrate the efforts of defense counsel to timely and
2 efficiently resolve this action on behalf of their clients.  Nevertheless, the court must balance
3 these considerations with the court's original reasons for appointing counsel for plaintiff.  (See
4 ECF No. 16.)
5    Accordingly, with the exception of requiring Mr. Fischer's compliance with the court's
6 order filed March 11, 2014 (ECF No. 55), this action is informally stayed pending further order of
7 the court.  Mr. Fischer is directed to serve a copy of this order on plaintiff.[2]
8 Dated:  March 14, 2014

10 /sykes.2570.update

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Review of the "Inmate Locator" website operated by the California Department of Corrections and Rehabilitation indicates that plaintiff is now housed at the California Health Care Facility in Stockton, not at the California Medical Facility.  Mr. Fischer should confirm this information.

3