UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON SYKES, | No. 2:12-cv-2570 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| ATHANNASIOUS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On February 2, 2016, counsel for plaintiff filed a motion for leave to withdraw as attorney of record on the grounds that she is no longer able to effectively represent plaintiff due to a significant increase in the case load associated with her solo law practice.  (ECF Nos. 127 & 127-1.)  The motion was set for hearing before the undersigned on March 3, 2016, at 10:00 a.m., in Courtroom 25.  On February 16, 2016, defendant Khaira filed a qualified statement of non-opposition, indicating his concern that counsel's withdrawal could result in a delay in his ability to have a summary judgment motion heard.  (ECF No. 129.)  On February 25, 2016, plaintiff filed a reply.  (ECF No. 131.)

On March 3, 2016, a hearing on counsel for plaintiff's motion to withdraw was held before the undersigned.  Rebecca Ihejirika appeared on her own behalf, plaintiff Milton Sykes appeared telephonically, and Drew Larson appeared on behalf of defendant Khaira.  Mr. Reager,

1

counsel for defendants Athannasious, Bick, and Weiland, did not appear.

The parties discussed the time constraints facing Ms. Ihejirika as a solo practitioner, the extensive work Ms. Ihejirika has already put into plaintiff's case, and the status of the relationship between plaintiff and Ms. Ihejirika, which remains in good standing.  In consideration of the court's need to balance counsel's interest in being released from the case, plaintiff's interest in having his case move forward, and defendants' interest in having the case resolved in a timely manner, the undersigned indicated that counsel's motion to withdraw would be denied at this time.  Ms. Ihejirika was given the option to remain as counsel for plaintiff with understanding that she may file, and the court will be inclined to grant, any reasonable requests for additional time to oppose defendants' motions for summary judgment.  In the alternative, Ms. Ihejirika was given the option to have pro bono co-counsel appointed to assist her in opposing defendants' summary judgment motions.  Ms. Ihejirika chose the first option, with the understanding that she may renew her motion to withdraw as counsel after any motions for summary judgment are resolved.  Mr. Larson was strongly encouraged to stipulate to a reasonable request for additional time should Ms. Ihejirika request it.

The parties also discussed the current discovery and pre-trial motion deadlines, which remain in effect.[1]  Mr. Larson indicated that defendant Khaira anticipates filing a motion for summary judgment within the next thirty days.  In order to accommodate plaintiff's pro bono counsel and facilitate swift resolution of any motions for summary judgment, the court indicated that it would consider advancing the pre-trial motion deadline.  Accordingly, once counsel for defendants Athannasious, Bick, and Weiland confirms that their summary judgment motion can be filed within the next sixty days,[2] the court will issue an order resetting the pre-trial motion deadline.

////

////

---

[1] Discovery is set to close on April 1, 2016 and pre-trial motions are due by July 1, 2016.

[2] Mr. Reager, counsel for defendants Athannasious, Bick, and Weiland, has been directed by separate order to inform the court when their motion for summary judgment could be filed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Counsel for plaintiff's motion for leave to withdraw as attorney of record (ECF No. 127) is denied. The denial shall be without prejudice to: (1) the filing of a reasonable request or requests for additional time to oppose defendants' summary judgment motions; and (2) the re-filing of her motion to withdraw as attorney of record, after any motions for summary judgment are resolved.
2. Should plaintiff's counsel later determine that she would like to have co-counsel appointed to assist her in opposing defendants' summary judgment motions, she should contact the ADR and Pro Bono Program Coordinator, Sujean Park.

Dated: March 7, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/syke2570.ord.atty

3